1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware Corporation,

Plaintiff,

v.

EVOLUTION SIDE, LLC, a Washington limited liability company; LAER ENTERPRISES, INC., a Washington corporation;  KENTON SCHUMACHER, a Washington resident; MADALYN HORN, a Washington resident; JENNIFER LALLY, a Washington resident; BRANDON & MICHELLE CONNOR, Washington residents; MIKE NETTEKOVEN, a Washington resident; NOAH MANN, a Washington resident; STACEY MCGRATH, a Washington resident; JENNIFER ELLSWORTH-BOESL, a Washington resident; STORM WENDT, a Washington resident; DAVID BALDWIN, a Washington resident; TROY RUNNER, a Washington resident; TRAVIS REANO, a Washington resident; DEREK TULLUCK, a Washington resident; RHONDA & JEFF SAWYER, Washington residents; JENNIFER BROADBENT, a Washington resident; ALI JONES & JULIO VALDEZ, Washington residents; JOHN KENNEDY, a Washington resident; ALEX CORRAL & KELSIE TROTIGNON, a Washington resident; CYNTHIA & JOSHUA BAUER, Washington

No.

**COMPLAINT FOR DECLARATORY RELIEF**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT FOR DECLARATORY RELIEF - 1

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

| | | |
|---|---|---|
| 1 | residents; RICKY & MADISON HALL, | ) |
| | Washington residents; LARRY PAGUE, a | ) |
| 2 | Washington resident; JULIE ACHESON, a | ) |
| | Washington resident; JENNIFER WHITE, a | ) |
| 3 | Washington resident; STEPHEN HANNAN, a | ) |
| | Washington resident; ANNIE NAHON, a | ) |
| 4 | Washington resident; TEMASWATI | ) |
| | JOHNSTON, a Washington resident; AMIR | ) |
| 5 | MOUSAVI, a Washington resident; TYLER | ) |
| | GOLD, a Washington resident; NOEL | ) |
| 6 | TEVES, a Washington resident; TERESA | ) |
| | RODMAN, a Washington resident; IVAN | ) |
| 7 | NGAUAMO, a Washington resident; | ) |
| | ANDREW & DIANE MORTAGNE, | ) |
| 8 | Washington residents; BRIAN HELLESTO, a | ) |
| | Washington resident; VERNON BRANCO, a | ) |
| 9 | Washington resident; LAUREN BICKFORD, | ) |
| | a Washington resident, JOSHUA & | ) |
| 10 | JOHANNA SUMMERS, Washington | ) |
| | residents; RON BOCCA, a Washington | ) |
| 11 | resident; JOSHUA DOERING, a Washington | ) |
| | resident; KELLY ROBINSON, a Washington | ) |
| 12 | resident; KEN CUNNINGHAM, a | ) |
| | Washington resident; PATRICK BROOKE, a | ) |
| 13 | Washington resident; NATE MOWRY, a | ) |
| | Washington resident; TREVOR ANDERSON, | ) |
| 14 | a Washington resident; DEBRA SILVER, a | ) |
| | Washington resident; TODD GRIFFEN, a | ) |
| 15 | Washington resident; RONDA BOYD, a | ) |
| | Washington resident; GARY MAGREEHAN, | ) |
| 16 | a Washington resident; KRISTEN & ALEX | ) |
| | HALL, Washington residents; CALEB | ) |
| 17 | HARRIS, a Washington resident; KIERAN | ) |
| | HUNT, a Washington resident; LINDSEY | ) |
| 18 | CALDERWOOD, a Washington resident; | ) |
| | CATHY KOMBOL, a Washington resident; | ) |
| 19 | REBEKAH ENGEBO, a Washington resident; | ) |
| | GABRIELLA MANCILLA, a Washington | ) |
| 20 | resident; BRIAN & ANISSA REGO, | ) |
| | Washington residents; KATIE MIKESELL, a | ) |
| 21 | Washington resident; TROY SALISBURY & | ) |
| | JESSICA MATIAS, Washington residents; | ) |
| 22 | GREG & TIFFANY HOPKINS, Washington | ) |
| | residents; RENE LOPEZ RIVERA, a | ) |
| 23 | Washington resident; ETHAN | ) |
| | SCHIERENBECK, a Washington resident; | ) |
| 24 | JUDY PRENOVOST, a Washington resident; | ) |
| | ALYSSA MERCER, a Washington resident; | ) |
| 25 | SETH & CASSIE POHLMAN, Washington | ) |
| | residents; SHELLY VEAZEY, a Washington | ) |
| 26 | resident; TANYA EVANS, a Washington | ) |
| | resident; ADAM POHLMAN, a Washington | ) |

COMPLAINT FOR DECLARATORY RELIEF - 2

**MURPHY ARMSTRONG & FELTON LLP**
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

resident; ARDEN BARDEN, a Washington )
resident; IRIS PALLER -MILNE, a )
Washington resident; JEFF & KATHERINE )
POTASKY, Washington residents; RYAN )
HILDEBRAND, a Washington resident; )
MIKE & SANDY O'HARA, Washington )
residents; ANTONIO GENSON, a )
Washington resident, )
)
                                    Defendants. )
)
)
)
)
)
)

Plaintiff Endurance American Specialty Insurance Company ("Endurance") submits the

following Complaint for Declaratory Relief.

## I.      INTRODUCTION

1.1      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C.

§§ 2201 and 2202.  Endurance seeks the following judicial determinations:

a. That it does not owe a duty to defend or indemnify Evolution Side, LLC

("Evolution") under policies of insurance issued by Endurance with respect to claims brought

by Laer Enterprises, Inc. ("Laer") in Schumacher et al. v. LGI Homes – Washington, LLC et

al, King County Superior Court Cause number 21-2-10435-1-SEA and a related arbitration

proceeding pending before the American Arbitration Association ("Underlying Lawsuit");

b. That it does not owe a duty to defend or indemnify Laer under policies issued by

Endurance with respect to claims brought by LGI Homes – Washington, LLC; LGI Homes

Corporate, LLC; and LGI Homes Group, LLC ("LGI") in the Underlying Lawsuit; and

c. That it does not owe a duty to defend or indemnify Laer as a purported additional

COMPLAINT FOR DECLARATORY RELIEF - 3

insured under policies issued by Endurance to Evolution Side, LLC with respect to claims brought by LGI in the Underlying Lawsuit.

## II.    PARTIES

2.1     Plaintiff Endurance American Specialty Insurance Company is a foreign insurer organized under the laws of the state of Delaware with its principal place of business in the state of New York.

2.2     Upon information and belief, Defendant Evolution Side, LLC is a Washington state limited liability company whose members are all residents and citizens of the state of Washington.

2.3     Upon information and belief, Defendant Laer Enterprises, Inc. is a Washington state for profit corporation with its principal place of business in SeaTac, Washington.

2.4     The Third Amended Complaint in the Underlying Lawsuit filed April 28, 2022 identified 72 homeowner plaintiffs ("Underlying Plaintiffs").  The below paragraphs 2.5 through 2.76 of this complaint name as defendants in this action the Underlying Plaintiffs named in the Underlying Lawsuit.

2.5     Upon information and belief, Defendant Kenton Schumacher is the owner of a home in the Suntop Farms community located at 420 Becky Ave E Enumclaw, WA 98022.

2.6     Upon information and belief, Defendant Madalyn Horn is the owner of a home in the Suntop Farms community located at 425 Becky Ave E Enumclaw, WA 98022.

2.7     Upon information and belief, Defendant Jennifer Lally is the owner of a home in the Suntop Farms community located at 444 Becky Ave E Enumclaw, WA 98022.

2.8     Upon information and belief, Defendants Brandon & Michelle Connor are the owners of a home in the Suntop Farms community located at 453 Becky Ave Enumclaw, WA 98022.

2.9     Upon information and belief, Defendant Mike Nettekoven is the owner of a home in

COMPLAINT FOR DECLARATORY RELIEF - 4

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

the Suntop Farms community located at 461 Becky Ave Enumclaw, WA 98022.

2.10    Upon information and belief, Defendant Noah Mann is the owner of a home in the Suntop Farms community located at 466 Becky Ave Enumclaw, WA 98022.

2.11    Upon information and belief, Defendant Stacey McGrath is the owner of a home in the Suntop Farms community located at 517 Becky Ave E Enumclaw, WA 98022.

2.12    Upon information and belief, Defendant Jennifer Ellsworth-Boesl is the owner of a home in the Suntop Farms community located at 578 Becky Ave E Enumclaw, WA 98022.

2.13    Upon information and belief, Defendant Storm Wendt is the owner of a home in the Suntop Farms community located at 602 Becky Ave E Enumclaw, WA 98022.

2.14    Upon information and belief, Defendant David Baldwin is the owner of a home in the Suntop Farms community located at 614 Becky Ave E Enumclaw, WA 98022.

2.15    Upon information and belief, Defendant Troy Runner is the owner of a home in the Suntop Farms community located at 621 Becky Ave E Enumclaw, WA 98022.

2.16    Upon information and belief, Defendant Travis Reano is the owner of a home in the Suntop Farms community located at 633 Becky Ave E Enumclaw, WA 98022.

2.17    Upon information and belief, Defendant Derek Tulluck is the owner of a home in the Suntop Farms community located at 598 Bondgard Ave E Enumclaw, WA 98022.

2.18    Upon information and belief, Defendants Rhonda & Jeff Sawyer are the owners of a home in the Suntop Farms community located at 603 Bondgard Ave E Enumclaw, WA 98022.

2.19    Upon information and belief, Defendant Jennifer Broadbent is the owner of a home in the Suntop Farms community located at 615 Bondgard Ave. E Enumclaw, WA 98022.

2.20    Upon information and belief, Defendants Ali Jones & Julio Valdez are the owners of a home in the Suntop Farms community located at 510 Carrie Dr Enumclaw, WA 98022.

COMPLAINT FOR DECLARATORY RELIEF - 5

2.21    Upon information and belief, Defendant John Kennedy is the owner of a home in the Suntop Farms community located at 526 Carrie Dr E Enumclaw, WA 98022.

2.22    Upon information and belief, Defendants Alex Corral & Kelsie Trotignon are the owners of a home in the Suntop Farms community located at 542 Carrie Dr E Enumclaw, WA 98022.

2.23    Upon information and belief, Defendants Ricky & Madison Hall are the owners of a home in the Suntop Farms community located at 574 Carrie Dr. E Enumclaw, WA 98022.

2.24    Upon information and belief, Defendant Larry Pague is the owner of a home in the Suntop Farms community located at 577 Carrie Dr. E Enumclaw, WA 98022.

2.25    Upon information and belief, Defendant Julie Acheson is the owner of a home in the Suntop Farms community located at 589 Carrie Dr. E Enumclaw, WA 98022.

2.26    Upon information and belief, Defendant Stephen Hannan is the owner of a home in the Suntop Farms community located at 601 Carrie Dr E Enumclaw, WA 98022.

2.27    Upon information and belief, Defendant Annie Nahon is the owner of a home in the Suntop Farms community located at 646 Carrie Drive E Enumclaw, WA 98022.

2.28    Upon information and belief Defendant, Temaswati Johnston is the owner of a home in the Suntop Farms community located at 555 Cooper Lane North Enumclaw, WA 98022.

2.29    Upon information and belief, Defendant Amir Mousavi is the owner of a home in the Suntop Farms community located at 625 Deusen Ln N Enumclaw, WA 98022.

2.30    Upon information and belief, Defendant Tyler Gold is the owner of a home in the Suntop Farms community located at 351 Ericksen Lane North Enumclaw, WA 98022.

2.31    Upon information and belief, Defendant Noel Teves is the owner of a home in the Suntop Farms community located at 318 Franks Lane N Enumclaw, WA 98022.

2.32    Upon information and belief, Defendant Teresa Rodman is the owner of a home in the

COMPLAINT FOR DECLARATORY RELIEF - 6

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1  Suntop Farms community located at 296 Franks Ln N Enumclaw, WA 98022.

2      2.33    Upon information and belief, Defendant Ivan Ngauamo is the owner of a home in the

3  Suntop Farms community located at 152 Grennan Ln N Enumclaw, WA 98022.

4      2.34    Upon information and belief, Defendants Andrew & Diane Mortagne are the owners of

5  a home in the Suntop Farms community located at 188 Grennan Ln N Enumclaw, WA 98022.

6      2.35    Upon information and belief, Defendants Brian & Janai Hellesto are the owners of a

7  home in the Suntop Farms community located at 201 Grennan Ln N Enumclaw, WA 98022.

8

9      2.36    Upon information and belief, Defendant Vernon Branco is the owner of a home in the

10  Suntop Farms community located at 202 Grennan Lane N Enumclaw, WA 98022.

11      2.37    Upon information and belief, Defendants Joshua & Johanna Summers are the owners

12  of a home in the Suntop Farms community located at 266 Grennan Ln N Enumclaw, WA 98022.

13

14      2.38    Upon information and belief, Defendant Ron Bocca is the owner of a home in the

15  Suntop Farms community located at 205 Holdener Ln N Enumclaw, WA 98022.

16      2.39    Upon information and belief, Defendant Kelly Robinson is the owner of a home in the

17  Suntop Farms community located at 184 Iris Ln N Enumclaw, WA 98022.

18      2.40    Upon information and belief, Defendant Ken Cunningham is the owner of a home in

19  the Suntop Farms community located at 227 Jasmine Ln N Enumclaw, WA 98022.

20      2.41    Upon information and belief, Defendant Patrick Brooke is the owner of a home in the

21

22  Suntop Farms community located at 451 Jasmine Ln N Enumclaw, WA 98022.

23      2.42    Upon information and belief, Defendant Nate Mowry is the owner of a home in the

24  Suntop Farms community located at 616 Marcie Ln N Enumclaw, WA 98022.

25      2.43    Upon information and belief, Defendant Trevor Anderson is the owner of a home in

26  the Suntop Farms community located at 630 Marcie Ln N Enumclaw, WA 98022.

COMPLAINT FOR DECLARATORY RELIEF - 7

1   2.44   Upon information and belief, Defendant Debra Silver is the owner of a home in the

2   Suntop Farms community located at 637 Marcie Lane N Enumclaw, WA 98022.

3   2.45   Upon information and belief, Defendant Todd Griffin is the owner of a home in the

4   Suntop Farms community located at 644 Marcie Lane N Enumclaw, WA 98022.

5   2.46   Upon information and belief, Defendant Gary Magreehan is the owner of a home in

6   the Suntop Farms community located at 658 Marcie Ln N Enumclaw, WA 98022.

7   2.47   Upon information and belief, Defendants Kristen & Alex Hall are the owners of a

8   home in the Suntop Farms community located at 602 MT Peak ST N Enumclaw, WA 98022.

9   2.48   Upon information and belief, Defendant Caleb Harris is the owner of a home in the

10   Suntop Farms community located at 615 Mount Peak ST. N Enumclaw, WA 98022.

11   2.49   Upon information and belief, Defendant Kieran Hunt is the owner of a home in the

12   Suntop Farms community located at 629 Mount Peak St N Enumclaw, WA 98022.

13   2.50   Upon information and belief, Defendant Lindsey Calderwood is the owner of a home

14   in the Suntop Farms community located at 685 Mount Peak St Enumclaw, WA 98022.

15   2.51   Upon information and belief, Defendant Cathy Kombol is the owner of a home in the

16   Suntop Farms community located at 530 Peterson Dr. E Enumclaw, WA 98022.

17   2.52   Upon information and belief, Defendant Rebekah Engebo is the owner of a home in

18   the Suntop Farms community located at 637 Petersen Dr Enumclaw, WA 98022.

19   2.53   Upon information and belief, Defendant Gabriella Mancilla is the owner of a home in

20   the Suntop Farms community located at 651 Peterson Dr. E Enumclaw, WA 98022.

21   2.54   Upon information and belief, Defendants Brian & Anissa Rego are the owners of a

22   home in the Suntop Farms community located at 990 Petersen Drive Enumclaw, WA 98022.

23   2.55   Upon information and belief, Defendant Katie Mikesell is the owner of a home in the

COMPLAINT FOR DECLARATORY RELIEF - 8

1    Suntop Farms community located at 1003 Petersen Dr. E Enumclaw, WA 98022.

2        2.56    Upon information and belief, Defendants Troy Salisbury & Jessica Matias are the

3    owners of a home in the Suntop Farms community located at 1078 Petersen Dr. E Enumclaw, WA

4    98022.

5
6        2.57    Upon information and belief, Defendants Greg & Tiffany Hopkins are the owners of a

7    home in the Suntop Farms community located at 1081 Petersen Dr. E Enumclaw, WA 98022.

8        2.58    Upon information and belief, Defendant Rene Lopez Rivera is the owner of a home in

9    the Suntop Farms community located at 835 Riley Dr Enumclaw, WA 98022.

10        2.59    Upon information and belief, Defendant Ethan Schierenbeck is the owner of a home in

11    the Suntop Farms community located at 842 Riley Dr E Enumclaw, WA 98022.

12
13        2.60    Upon information and belief, Defendant Judy Prenovost is the owner of a home in the

14    Suntop Farms community located at 878 Riley Drive East Enumclaw, WA 98022.

15        2.61    Upon information and belief, Defendant Alyssa Mercer is the owner of a home in the

16    Suntop Farms community located at 885 Riley Dr. E Enumclaw, WA 98022.

17        2.62    Upon information and belief, Defendants Seth & Cassie Pohlman are the owners of a

18    home in the Suntop Farms community located at 907 Riley Dr E Enumclaw, WA 98022.

19
20        2.63    Upon information and belief, Defendant Tanya Evans is the owner of a home in the

21    Suntop Farms community located at 986 Riley Dr East Enumclaw, WA 98022.

22        2.64    Upon information and belief, Defendant Adam Pohlman is the owner of a home in the

23    Suntop Farms community located at 1012 Riley Dr. E Enumclaw, WA 98022.

24        2.65    Upon information and belief, Defendant Arden Barden is the owner of a home in the

25    Suntop Farms community located at 1038 Riley Dr East Enumclaw, WA 98022.

26        2.66    Upon information and belief, Defendant Iris Paller-Milne is the owner of a home in the

COMPLAINT FOR DECLARATORY RELIEF - 9

1    Suntop Farms community located at 906 Sigrist Dr E Enumclaw, WA 98022.

2        2.67    Upon information and belief, Defendants Jeff & Katherine Potasky are the owners of a

3    home in the Suntop Farms community located at 607 Vickie Lane N Enumclaw, WA 98022.

4
         2.68    Upon information and belief, Defendant Ryan Hildebrand is the owner of a home in
5
     the Suntop Farms community located at 643 Vickie Ln N Enumclaw, WA 98022.
6
         2.69    Upon information and belief, Defendants Mike & Sandy O'hara are the owners of a
7
     home in the Suntop Farms community located at 661 Vickie Ln N Enumclaw, WA 98022.
8

9        2.70    Upon information and belief, Defendant Antonio Genson is the owner of a home in the

10   Suntop Farms community located at 408 Becky Ave E Enumclaw, WA 98022.

11       2.71    Upon information and belief, Defendants Cynthia & Joshua Bauer are the owners of a
12
     home in the Suntop Farms community located at 558 Carrie Dr. East Enumclaw, WA 98022.
13
         2.72    Upon information and belief, Defendant Jennifer White is the owner of a home in the
14
     Suntop Farms community located at 590 Carrie Drive East Enumclaw, WA 98022.
15

16       2.73    Upon information and belief, Defendant Joshua Doering is the owner of a home in the

17   Suntop Farms community located at 161 Iris Lane N, Enumclaw WA 98022.

18       2.74    Upon information and belief, Defendant Lauren Bickford is the owner of a home in the
19
     Suntop Farms community located at 265 Grennan Lane N, Enumclaw WA 98022.
20
         2.75    Upon information and belief, Defendant Ronda Boyd is the owner of a home in the
21
     Suntop Farms community located at 653 Marcie Lane N, Enumclaw WA 98022.
22

23       2.76    Upon information and belief, Defendant Shelly Veazey is the owner of a home in the

24   Suntop Farms community located at 929 Riley Dr. E Enumclaw WA 98022.

25

26

COMPLAINT FOR DECLARATORY RELIEF - 10

### III.    JURISDICTION AND VENUE

3.1     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.

3.2     Venue is proper pursuant to 28 U.S.C. § 1391 because this action involves claims for insurance coverage arising from alleged losses that occurred in Enumclaw, Washington.

3.3     Upon information and belief, all Defendants are residents of this judicial district for the purposes of 28 U.S.C. § 1391.

### IV.    FACTS

4.1     LGI Homes – Washington, LLC entered a Master Trade Agreement with Defendant Laer Enterprises, Inc. dated October 16, 2017.  Upon information and belief, Laer performed siding installation work on some of homes within the Suntop Farms development ("the Project") located in Enumclaw, Washington under the Master Trade Agreement.

4.2     Laer entered a Master Subcontract Agreement with Defendant Evolution Side, LLC with an effective date of January 1, 2020.  Upon information and belief, Laer subcontracted some of its Project work, including siding installation, to Defendant Evolution Side, LLC.

4.3     In February 2021, a powerful windstorm occurred causing damages to a number of homes in the Suntop Farms community.  The windstorm ripped siding and/or roofing components off the subject homes.

4.4     The Underlying Plaintiffs filed their complaint in the Underlying Litigation in August of 2021.  The complaint asserted causes of action against LGI, Laer, and others for breach of contract, breach of the warranty of habitability and violation of the Washington Consumer Protection Act.

4.5     The Underlying Plaintiffs alleged in pertinent part that in February 2021, the Suntop Farms community experienced a winter storm involving high winds.  Plaintiffs alleged that as a result

COMPLAINT FOR DECLARATORY RELIEF - 11

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

of defective construction practices, siding was ripped off the affected homes during the February 2021 windstorm.  The Underlying Plaintiffs further alleged that the cause of the siding damage was one or more of the defendants' failures to ensure the siding was firmly secured to the structural elements of the homes in compliance with building codes, installation requirements, or building plans.  The Underlying Plaintiffs alleged that analyses of defective siding and roofing confirmed that repairs are required and will cost approximately $150,000 per affected home.

4.6     The Underlying Plaintiffs subsequently filed First, Second, and Third Amended Complaints, all of which include the same core allegations relating to the defective siding and the damage caused by the February 2021 windstorm.

4.7     Laer answered and filed third-party claims for contribution, indemnity, and breach of contract against Evolution Side in December 2021.

4.8     Laer tendered defense and indemnity of the Underlying Lawsuit to Endurance in March 2022.

4.9     On March 14, 2022, the King County Superior Court dismissed the Underlying Plaintiffs' claims against Laer.

4.10     The Underlying Plaintiffs filed a Third Amended Complaint against LGI on March 25, 2022.  The Underlying Plaintiffs did not assert any claims against Laer in their Third Amended Complaint.  In it, the Underlying Plaintiffs alleged that "[i]nstallation of the roofing and siding materials fails to meet minimum construction industry standards and causes damage to the homes."

4.11     On March 24, 2022, the King County Superior Court entered an order staying the Underlying Litigation and ordering the parties to arbitrate the dispute.

4.12     On August 26, 2022, Endurance agreed to participate in Evolution Side's defense of the Underlying Lawsuit (now subject to arbitration) pursuant to an express reservation of rights.

COMPLAINT FOR DECLARATORY RELIEF - 12

**MURPHY ARMSTRONG & FELTON LLP**
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

4.13    On September 9, 2022, Endurance agreed to participate in Laer's defense of the Underlying Lawsuit pursuant to an express reservation of rights.

4.14    On February 3, 2023, LGI filed an answer in the AAA arbitration proceeding and included within the answer a third-party claim against Laer for breach of contract.

4.15    Laer tendered the claims of LGI in the Underlying Lawsuit and related AAA arbitration proceeding to Endurance as a purported additional insured under the policies issued to Evolution Side on February 27, 2023.

4.16    Endurance issued a coverage determination letter to Laer dated March 7, 2023. Endurance advised Laer that, among other policy provisions and defenses to coverage, Laer does not qualify as an additional insured under the Evolution Side policies because at the time the Endurance policies were in place, Evolution Side and Laer had no written agreement that required Evolution Side to procure insurance for the benefit of Laer.

## V.    THE ENDURANCE POLICIES

5.1    Endurance issued two policies of insurance to Laer Enterprises, Inc.: Policy number CBF10000222900, providing coverage from March 13, 2018 to March 13, 2019, and Policy number CBF10000222901, providing coverage from March 13, 2019 to March 13, 2020 ("the Laer Policies").

5.2    Endurance issued two policies of insurance to Evolution Side, LLC: Policy number CBF10000178700, providing coverage from August 7, 2017 to August 7, 2018, and Policy number CBF10000178701, providing coverage from August 7, 2018 to August 7, 2019 ("the Evolution Side Policies").

5.3    The Evolution Side Policies and the Laer Policies each contain limits of insurance of $1 Million each occurrence and $2 Million in the aggregate.  These policies are each subject to Bodily Injury Liability and/or Property Damage Liability Combined deductibles of $5,000 per Claim.

MURPHY ARMSTRONG & FELTON LLP
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

5.4    The Laer and Evolution Side Policies each contain the same Insuring Agreement, which reads in pertinent part as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)**  The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

[. . .]

CG 00 01 12 07.

COMPLAINT FOR DECLARATORY RELIEF - 14

5.5   The Laer and Evolution Side Policies define "property damage" in relevant part as follows:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

CG 00 01 12 07 (definition 17).

5.6   The Laer and Evolution Side Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." CG 00 01 12 07 (definition 13).

5.7   The Laer and Evolution Side Policies each contain the following exclusions:

> **2. Exclusions**
> This insurance does not apply to:
> [ . . .]
> **j. Damage to Property**
> "Property damage" to:
> [ . . .]
> **(5)** That particular part of real property on which you or any contractor or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
> …Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."
> [ . . .]
> **l. Damage To Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

COMPLAINT FOR DECLARATORY RELIEF - 15

CG 00 01 12 07; Section I – Coverages, 2. Exclusion (j), (l).

5.8    The Laer and Evolution Side Policies each contain an exclusion for impaired property, which reads as follows:

**2. Exclusions**
This insurance does not apply to:
[ . . .]

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

CG 00 01 12 07; Section I – Coverages, 2. Exclusion (m).

5.9    The Laer and Evolution Side Policies each include the following definition of the "Products-completed operations hazard":

**16. "Products-completed operations hazard":**
**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
**(1)** Products that are still in your physical possession; or
**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
**(a)** When all of the work called for in your contract has been completed.
**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

COMPLAINT FOR DECLARATORY RELIEF - 16

> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

CG 00 01 12 07 (definitions 16).

5.10    Under the Laer and Evolution Side Policies, "Your work" is defined as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations."  CG 00 01 12 07 (definition 22).  "Your Work" includes "(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and (2) The providing of or failure to provide warnings or instructions." CG 00 01 12 07 (definition 22).

5.11    The Laer and Evolution Side Policies each contain contractual liability exclusions, which read as follows:

> **2. Exclusions**
> This insurance does not apply to:
>
> [ . . . ]
>
> **b. Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> > (**1**) That the insured would have in the absence of the contract or agreement; or
> > (**2**) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
> > > (**a**) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

COMPLAINT FOR DECLARATORY RELIEF - 17

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[ . . . ]

**e. Contractual Liability**
"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

CG 00 01 12 07; Section I – Coverages, 2. Exclusion (b), (e).

5.12    The Laer and Evolution Side Policies each contain an exclusion for impaired property, which reads as follows:

**2. Exclusions**
This insurance does not apply to:
                    [ . . . ]
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
  **(3)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
  **(4)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

CG 00 01 12 07; Section I – Coverages, 2. Exclusion (m).

5.13    The Laer and Evolution Side Policies define "impaired property" as:

tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
  **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
  **b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulling the terms of the contract or agreement.

COMPLAINT FOR DECLARATORY RELIEF - 18

1   CG 00 01 12 07; Section V – Definitions, No. 8.

2       5.14    The Laer and Evolution Side Policies also exclude coverage for the recall of products,

3   work or impaired property:

4
              **2. Exclusions**
5             This insurance does not apply to:
                        [ . . . ]
6             **n.  Recall Of Products, Work Or Impaired Property**
7             Damages claimed for any loss, cost or expense incurred by you or
              others for the loss of use, withdrawal, recall, inspection, repair,
8             replacement, adjustment, removal or disposal of:
                **(1)** "Your product";
9               **(2)** "Your work"; or
                **(3)** "Impaired property;
10            if such product, work, or property is withdrawn or recalled from the
11            market or from use by any person or organization because of a known
              or suspected defect, deficiency, inadequacy or dangerous condition in
12            it.

13  Section I – Coverages, 2. Exclusion (n).

14      5.15    The    Evolution    Side    Policies    contained    additional    insured

15  endorsements that required the existence of a written contract that obligated Evolution

16  Side to procure insurance for another party at the time the coverage was in place.  The

17  additional insured endorsements with respect to ongoing operations provided:

18
19            **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
              READ IT CAREFULLY.**
20            **ADDITIONAL    INSURED  –  OWNERS,  LESSEES  OR
              CONTRACTORS  –  SCHEDULED  PERSON  OR
21            ORGANIZATION**
              This endorsement modifies insurance provided under the following:
22            COMMERCIAL GENERAL LIABILITY COVERAGE PART
                              **SCHEDULE**
23

24            | **Name of Person or Organization:** Blanket as required by written contract |
              | --- |
25            (If no entry appears above, information required to complete this
              endorsement will be shown in the Declarations as applicable to this
26            endorsement.)

COMPLAINT FOR DECLARATORY RELIEF - 19

**A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

**B.** With respect to the insurance afforded to these additional insureds, the following exclusion is added:

**2. Exclusions**

This insurance does not apply to "bodily in- jury" or "property damage" occurring after:

**(1)** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

**(2)** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

CG 20 10 10 01. The endorsements with respect to completed operations provided:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| Name of Person or Organization: Blanket as required by virtue of written contract |
| Location And Description of Completed Operations: |
| Additional Premium: Included |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that insured and included in the "products-completed operations hazard".

**MURPHY ARMSTRONG & FELTON LLP**
719 Second Avenue
Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1    CG 20 37 10 01.

2        5.16     Endurance expressly reserves the right to assert any other language

3 from the Laer and/or Evolution Side Policies that may be applicable.

4

5        5.17     Endurance brings this claim for Declaratory Judgment seeking a

6 judicial determination that it does not owe any defense or indemnity obligations to

7 Laer or Evolution Side as named insureds, or to Laer as a purported additional insured,

8 for some or all of the claims asserted in the Underlying Lawsuit.

9    **VI.**     **ACTUAL AND JUSTICIABLE CONTROVERSIES EXIST AS TO**

10           **THE RIGHTS AND OBLIGATIONS UNDER THE POLICIES**

11        6.1     Endurance reasserts paragraphs 1.1 through 5.17 and incorporates the

12 same by reference as if set forth fully herein.

13        6.2     The Laer and Evolution Side Policies provide coverage for sums the

14 insured becomes legally obligated to pay as damages because of "property damage"

15 to which this insurance applies.

16

17        6.3     The Laer and Evolution Side Policies further provide that insurance

18 under them applies to "property damage" only if the "property damage" caused by

19 an "occurrence" during the policy period.

20        6.4     There is an actual justiciable controversy as to whether the claims

21 asserted in the Underlying Lawsuit involve claims for "property damage" as that

22 term is defined.

23        6.5     There is an actual justiciable controversy as to whether the claims

24 asserted in the Underlying Lawsuit involve an "occurrence" as that term is defined.

25

26

COMPLAINT FOR DECLARATORY RELIEF - 21

6.6     The Laer and Evolution Side Policies exclude coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

6.7     There is an actual justiciable controversy as to whether the claims asserted in the Underlying Lawsuit involve claims for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" as those terms are defined.

6.8     The Laer and Evolution Side Policies exclude coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work."

6.9     There is an actual justiciable controversy as to whether the claims asserted in the Underlying Lawsuit involve claims for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work" as defined in the Policies.

6.10    The Laer and Evolution Side Policies exclude coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

6.11    There is an actual justiciable controversy as to whether the claims asserted in the Underlying Lawsuit involve claims for "property damage" to "impaired property" or property that has not been physically injured, arising out of a

COMPLAINT FOR DECLARATORY RELIEF - 22

1  delay or failure by you or anyone acting on your behalf to perform a contract or

2  agreement in accordance with its terms.

3     6.12    The Laer and Evolution Side Policies exclude coverage for "property

4  damage" for which the insured is obligated to pay damages by reason of the

5  assumption of liability in a contract or agreement.

6

7     6.13    There is an actual justiciable controversy as to whether the claims

8  asserted in the Underlying Lawsuit involve claims for "property damage" for which

9  the insured is obligated to pay damages by reason of the assumption of liability in a

10  contract or agreement.

11     6.14    The Evolution Side Policies provide additional insured coverage for

12  third parties only in circumstances where Evolution Side had a written contract to

13  procure insurance for the benefit of a third party at the time the policy was in place.

14

15     6.15    There is an actual justiciable controversy as to whether Laer occupies

16  the status as an additional insured under the Evolution Side Policies, because the

17  Evolution Side Policies expired prior to the date that Laer entered its subcontract

18  with Evolution Side.

19     6.16    Endurance expressly reserves the right to assert any other Policy

20  language or Policy coverage forms that may be potentially applicable to the

21  Underlying Lawsuit.

22

23            **VII.    CLAIMS FOR DECLARATORY RELIEF**

24     7.1    Endurance reasserts paragraphs 1.1 through 6.16 and incorporates the

25  same by reference as if set forth fully herein.

26

COMPLAINT FOR DECLARATORY RELIEF - 23

7.2     Actual and justiciable controversies exist as to whether Endurance has an obligation to defend Laer and Evolution Side as named insureds, or Laer as a purported additional insured, under the Policies with respect to the claims asserted in the Underlying Lawsuit.

7.3     Pursuant to 28 U.S.C. § 2201, Endurance respectfully requests that the Court grant declaratory relief in its favor and enter a judicial determination that Endurance does not have an obligation to defend Laer or Evolution Side as named insureds, or Laer as a purported additional insured, under the Policies with respect to the claims asserted in the Underlying Lawsuit.

7.4     Actual and justiciable controversies exist as to whether Endurance has an obligation to indemnify Laer or Evolution Side as named insureds, or Laer as a purported additional insured, under the Policies with respect to the claims asserted in the Underlying Lawsuit.

7.5     Pursuant to 28 U.S.C. § 2201, Endurance respectfully requests that the Court grant declaratory relief in its favor and enter a judicial determination that Endurance does not have an obligation to indemnify Laer and Evolution Side as named insureds, or Laer as a purported additional insured, under the Policies with respect to the claims asserted in the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

Endurance respectfully requests the following relief:

1.     A determination of the rights and obligations of the parties under the Laer and Evolution Side Policies.

COMPLAINT FOR DECLARATORY RELIEF - 24

1    2.    A judicial determination that Endurance owes no defense obligations

2   to Laer and Evolution Side under the Policies with respect to the claims asserted in

3   the Underlying Lawsuit.

4    3.    A judicial determination that Endurance owes no indemnity

5
   obligations to Laer and Evolution Side under the Policies with respect to the claims
6
   asserted in the Underlying Lawsuit.
7

8    4.    A judicial determination that the Underlying Plaintiffs are bound by

9   any judicial declarations in this matter related to the Endurance Policies.

10    5.    An award of attorneys' fees and costs allowed by law.

11    6.    Any other and further relief this Court deems just and equitable.

12
         DATED this 13th day of March, 2023.
13
                              MURPHY ARMSTRONG & FELTON LLP
14
         By: */s/ James P. Murphy*
15            James P. Murphy, WSBA #18125
              719 Second Avenue
16            Suite 701
              Seattle, WA 98104
17            T/206.985.9770  F/206.985.9790
              jpm@maflegal.com
18
              *Attorneys for Plaintiff Endurance American*
19            *Specialty Insurance Company*

20

21

22

23

24

25

26